Singh v. Lynch

BIA
Hom, IJ
A200 893 817

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JORAWAR SINGH,
> *Petitioner,*

v.                                                          15-2560
                                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Dalbir Singh, New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer; Principal Deputy
                           Assistant Attorney General; Anthony
                           C. Payne, Assistant Director;
                           Kathleen K. Volkert, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.[*]

Petitioner Jorawar Singh, a native and citizen of India, seeks review of a July 14, 2015, decision of the BIA affirming a July 29, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jorawar Singh,* No. A200 893 817 (B.I.A. July 14, 2015), *aff'g* No. A200 893 817 (Immig. Ct. N.Y. City July 29, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Singh does not challenge the pretermission of asylum on timeliness grounds or the denial of his claim of future

---

[*] The Government moves for summary denial of the petition. We deny that motion. Summary denial requires the Government to demonstrate that a petition is frivolous. *See Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). It has not done so here. Accordingly, we review the petition in its entirety on the merits.

persecution by the Bharatiya Janata Party ("BJP"). Accordingly, we address only the adverse credibility determination as it relates to Singh's application for withholding of removal and CAT relief based on his alleged fear of persecution by the Congress Party.

For applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," and inconsistencies in his statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

We defer to the agency's decision for several reasons. First, credibility determination was properly based on the inconsistency between Singh's testimony and application about whether Congress Party members broke one or both of his father's legs.  *Id.*  Singh's application stated that Congress Party members broke both his father's legs with a baseball bat; however, he testified that only one of his father's legs was

3

broken.  The agency reasonably rejected Singh's explanation that this discrepancy resulted from a translation error: Singh confirmed before testifying that he had reviewed his application and that the information was correct, and he did not provide any evidence to support his claim of error.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and citation omitted)).

The adverse credibility determination is further supported by inconsistencies between Singh's testimony and his father's medical records about the treatment his father received for the alleged injury.  *Xiu Xia Lin*, 534 F.3d at 167.  Singh testified that his father's leg was X-rayed and placed in a cast; however, the doctor's account reflected an operation.  When confronted with this inconsistency, Singh agreed that an operation was done, but was unable to explain why that was not reflected in his application or testimony.  The IJ was not compelled to accept Singh's explanation that he did not understand because it did not resolve his omission of the information.  *Majidi*, 430 F.3d at 80.

The credibility determination is further supported by

4

inconsistencies between Singh's testimony and credible fear interview about his level of involvement with the Akali Dal political party, which was the impetus for the alleged harm. *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009) (observing that an adverse credibility determination may be based on inconsistencies relating to a credible fear interview, if "the record of a credible fear interview displays the hallmarks of reliability."). Singh testified that he was an active member of the party and that he posted flyers, attended rallies, and spoke to people about their rights; however, he stated during his credible fear interview that he was not a member, just a worker and only did small jobs for the party. Singh does not meaningfully challenge the reliability of his interview record in his brief and, instead, contends that he was nervous and could not recall fully the details of his claim. But Singh did not omit that he was member of the Akali Dal political party during his credible fear interview; he stated explicitly that he was not. "We . . . reject the notion that a petitioner's claim that []he was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of h[is] statements." *Id.* at 725.

Given the foregoing inconsistencies, which relate both to Singh's political activities and the alleged incidents of

5

persecution, the totality of the circumstances supports the credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is dispositive of Singh's Congress Party-based claims for withholding of removal and CAT relief because those claims relied on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We therefore decline to reach the agency's alternative determination that Singh did not establish past persecution due to a lack of sufficient harm. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the Government's motion for summary denial is DENIED and the petition for review is instead DENIED on the merits. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6